# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

ARTHUR DYETT, as Survivor of ABRAHAM R. L. NORTON, Respondent, v. JAMES M. SEYMOUR and Others, Appellants.

*Examination of a defendant before trial — when a broker should be directed to disclose to his principal the names of persons to whom he sold stocks.*

Appeal from an order, entered in the office of the clerk of the city and county of New York, on June 11, 1888, directing the examination of defendants before trial.

This action was brought by the plaintiff as assignee of one John C. Eno, to recover from the defendants a large sum of money alleged to have been obtained from said Eno by means of false and fraudulent representations made by the defendants to said Eno; such representations being to the effect that the defendants had bought and sold certain stocks for him as his brokers, and that upon said transactions certain large losses had occurred, which losses said Eno paid, whereas, in fact, the defendants did not make such purchases and sales and such losses were never incurred.

The court at General Term said : " By the proposed examination the plaintiff seeks to discover the names of the persons who were the purchasers of such stocks and the names of the persons to whom the sales of stock were made. It is admitted that notices of purchase and sale were rendered to Eno at about the time of the alleged transactions, but it is claimed by the plaintiff that a large part of them have been lost, and as is stated by the learned justice who heard the motion, that whatever view may be taken of the conflict of testimony between the defendant Baker and his then clerk Sanger, it is certain that neither Eno nor the plaintiff have the notices in question.

" It further appears that, in some instances where the notices have

been kept, the persons named therein as purchasers or sellers have denied that they had ever made any such transactions. Under such circumstances, it is not to be wondered at that a customer of a broker's firm should like to investigate a little further into the transactions of his agents. It appearing in cases, where notices have been kept, that there is reason to suppose that the transactions never took place, the attempt to ascertain whether any, and if so, what other transactions are of the same fraudulent character, cannot be said simply to be an attempt to find out whether there is a cause of action. The defendants were Eno's agents. He had no personal knowledge as to these transactions, and necessarily relied upon the good faith and honesty of such agents; and where he has good ground to suspect such good faith, he should be afforded an ample opportunity for investigation. If these transactions were in good faith, the examination can do no harm, but if they, or any one of them, were fraudulent, it affords the only means by which the plaintiff can prove them to be so.

" The order directing the examination of the defendants before trial should, therefore, be affirmed, with costs and disbursements."

*Joseph H. Choate*, for the appellants.

*A. R. Dyett*, for the respondent.

Opinion by Van Brunt, P. J.; Daniels and Bartlett, JJ., concurred.

Order affirmed, with costs and disbursements.

---

NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY, Respondent, *v.* JONATHAN ODELL and Others, Appellants.

*In an action of interpleader the amount due to the plaintiff cannot be the subject of controversy — the distinction between strict actions of interpleader, determining only legal rights, and actions in the nature of interpleader, affording equitable relief, stated — a claimant will not be required to separate his claim and enforce it in two separate actions.*

Appeal from an order made at Special Term, dated, and entered in the office of the clerk of the county of New York, on October 1,